state wherein the proceedings of the grand jury were irregular, or wherein an inspection was essential to protect the rights of the defendant, or that he could not more properly derive the information sought from other sources. The strictness of the rule on the subject was rigidly enforced, and the court say (page 432), that "it is only within certain restrictions that any inspection of the minutes can be allowed."

In Earl of Strafford's Case, 3 Howell, State Tr. 1382, the court, on application, ordered the witnesses before the grand jury examined in open court. But that was a case where an attempt was made to procure an indictment for high treason against the earl. It is the general rule that the proceedings before a grand jury are privileged from disclosure. The cases are exceptional in which the rule is not adhered to. In an action for maliciously indicting the plaintiff, Lord Kenyon allowed a grand juryman to be asked whether the defendant was the prosecutor of the indictment; and thought the disclosure did not infringe upon the juryman's oath. Rosc. Cr. Ev. 150. In that case the alleged cause of action itself sprung from the act of the party in procuring the indictment.

Following the general rule, it is held that the clerk of the grand jury cannot be compelled to disclose the proceedings before them, nor can the county attorney. McLellan v. Richardson, 13 Me. 82. In Massachusetts it has been held, that the attorney for the commonwealth cannot be called to disclose what passed in the grand jury room. Com. v. Tilden, 2 Starkie, Ev. 324, note.

In the absence of strong reasons to the contrary, the rule ought not to be departed from. I think it should be adhered to in this case, to the extent of denying the application for the minutes of testimony. A list of the witnesses sworn before the grand jury should be furnished to the defendant.

---

## Case No. 16,362.

UNITED STATES v. SOWERS et al.

[See Case No. 16,363.]

---

## Case No. 16,363.

UNITED STATES v. SOWERS et al.

[36 Leg. Int. 488;[1] 14 Phila. 525; 25 Int. Rev. Rec. 405.]

District Court, E. D. Pennsylvania. Dec. 8, 1879.

CUSTOMS DUTIES — RATE OF DUTY — COLLECTOR'S DECISION—APPEAL TO SECRETARY.

1. Section 2931, Rev. St., makes the decision of the collector of the port respecting "the rate and amount of duties" on merchandise final and conclusive unless the owner shall within

---

[1] [Reprinted from 36 Leg. Int. 488, by permission.]

ten days after the ascertainment and liquidation appeal therefrom to the secretary of the treasury.

2. The entire question of rate and amount, and as to whether or not it was legally assessed and found, must be submitted to and passed on by the secretary of the treasury in the first instance.

3. This appeal cannot be neglected and the courts applied to for relief. In its absence the decision of the collector is final.

[This was an action against William H. Sowers and others, executors of the will of William Chamberlain, deceased, to recover duties claimed to be due the United States.]

John K. Valentine, Dist. Atty.
W. Wynne Wister, Jr., for defendants.

BUTLER, District Judge. On the 5th of January, 1870, William H. Sowers (principal in the bond sued upon) entered at the port of Philadelphia certain merchandise, imported from Liverpool. On the same day the collector of the port estimated the duties chargeable thereon at $901.74, and designated packages to be opened. The estimated duties were paid, and the merchandise (other than that set aside for examination) withdrawn. An appraisement was subsequently made, exceeding the invoiced value, and the duties liquidated at $1402.93. On the 25th of October, 1873, fourteen days subsequent to the liquidation, notice was given Mr. Sowers of the amount remaining due, and payment demanded. No response being made, suit was brought against the defendant (surety in the bond).

On the trial defendant's counsel requested the court to charge: 1st. That no notice having been given Mr. Sowers of the advance made by the appraisers, as is required by the treasury regulations on the subject, the plaintiff cannot recover. 2d. That no demand having been made on the principal, or notice given, such as is required by the condition of the bond, the plaintiff cannot recover. These points were reserved by the court; and a verdict was rendered by the jury in favor of the plaintiff for $591.19.

A rule being taken to show cause why judgment should not be entered for the defendant, notwithstanding the verdict, the points must now be answered. In the judgment of the court, neither of them is well founded. As respects the first: The statute does not provide for notice, either of the appraisement, or the liquidation. Congress contemplated that the importer should take notice of these steps in levying the duty. Westray v. U. S., 18 Wall. [85 U. S.] 322. The secretary of the treasury, however (recognizing the justice of notifying the importer of the appraisement), in pursuance of the 251st section of the Revised Statutes, has provided (by rule 324 of the department) that the collector shall give notice to the importer of any addition made by the apprais-